United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-1238** **September Term, 2026**

**EPA-91FR58954**

**Filed On: November 3, 2026** [2201490]

American Lung Association, et al.,

Petitioners

v.

Environmental Protection Agency and Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency,

Respondents

------------------------------

America's Power, et al.,
Intervenors
------------------------------

Consolidated with 26-1259

**ORDER**

Upon consideration of the motions for leave to intervene filed by:

National Rural Electric Cooperative Association

Westmoreland Mining Holdings LLC, Westmoreland Rosebud Mining LLC, Westmoreland Mining LLC

National Mining Association

Edison Electric Institute

Oklahoma Gas and Electric Company

Midwest Ozone Group

U.S. Chamber of Commerce

State of Alabama, State of Georgia, State of Idaho, State of Arkansas, State of Alaska,

State of Iowa, State of West Virginia, State of Florida, State of Indiana

Electric Generators for Sensible Regulation

Kentucky Coal Association

America's Power

NACCO Natural Resources Corporation,

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Kendall M. Callow
Deputy Clerk